Two cases are here decided—German National Bank v. Bode, Guardian; and Bode, Guardian, v. Ruehrwein.

**A. H. Bode,** for Bode, guardian.

**Stephens & Lincoln,** for the German National Bank.

## PER CURIAM.

The case of Strang v. Beach, 11 Ohio St. 283, 286 [78 Am. Dec. 308], is so different in one of its essential features from the case at bar, that it is not an authority sustaining the judgment of the court below. Brinkerhoff, C. J., in Strang v. Beach, says:

"The cross-petition alleges, and the demurrer admits, the fact of mistake, and that the plaintiff, at the time he caused his attachment to be issued, had knowledge of the mistake, and of all Beach's rights in the land. The fact of mistake, and the fact of notice, are admitted by the demurrer."

In the finding of facts by the court below in the case at bar the court expressly finds that the German National Bank had no knowledge of any mistake until the filing of the petition herein; that the credit was originally extended on the faith of this property being unincumbered, and that after the execution and recording of the mortgage mistakenly describing lot 239, the loan by the bank was renewed on the continued faith of lot 240 being free of encumbrance. Strang v. Beach, *supra,* says that the mistake in the mortgage will be corrected as against attaching creditors and judgment creditors of the mortgagor and purchasers under them *with notice of such mistake.*

The case of Adams v. Stutzman, ·6 Re. 612 (7 Am. Law Rec. 76), is an odd case, decided by the common pleas court of Holmes county and sustained on appeal to the district court. It seems very much in point and well considered, yet is not a controlling authority on this court. It will bear analysis and can be so distinguished from the case at bar, that we are not called upon to question it.

In that case the description was so defective that it failed to identify any land whatever. The defect was so glaring as to put a diligent creditor on the alert. In the case at bar the mortgage was duly executed and recorded, sufficiently describing an existing piece of property of the mortgage. The more searching the examination of the diligent creditor the more apt was he to be misled.

While the court in Adams v. Stutzman *supra,* boldly says that notice is immaterial, yet it covers itself against possible error on this point in the latter part of the opinion, where it finds that facts existed of

record sufficient to bring home notice. both of an equitable mortgage, and the mistake.

If a defectively executed mortgage will not be reformed as against attachment or judgment creditors with notice (Bloom v. Noggle, 4 Ohio St. 45; Erwin v. Shuey, 8 Ohio St. 509, 510), because of the policy of the law to avoid all vexed questions of notice actual or constructive in determining priorities, *a fortiori*, a description ought not be reformed as against innocent and ignorant creditors, because as to them it is practically the creation of a new mortgage, and especially not as against specific property, on the faith of the freedom of which the unsuspecting creditor was induced to extend credit.

Judgment on this branch reversed.

Having decided the above, the error complained of in No. 3644 as to the adjustment and payment of taxes becomes immaterial to Bode, guardian, plaintiff in error. We are, however, of opinion that the court below was right in this regard. A court of equity having acquired jurisdiction over this property with the attachment lien upon it, the property being in chancery for the adjustment of this particular lien, a revivor may not have been necessary, but if it was, it certainly could be had as well on cross-petition as by an original action for that purpose.

## APPEALS.

[Clark (2nd) Circuit Court, May Term, 1903.]

Sullivan, Summers and Wilson, JJ.

ROBERT A. KEFAUVER V. FRANKLIN P. BATDORF.

RIGHT OF COUNSEL TO SIGN NOTICE OF APPEAL.

Under Sec. 5227 Rev. Stat., as amended 96 O. L. 12, a notice of appeal must be signed by the party or by his authorized attorney, but where the record shows that counsel signing a notice of appeal has been employed by appellant throughout the entire proceedings; that he is the attorney of record, and that he has signed papers in the action with appellant's approval, his authority to sign such notice will be presumed and such presumption can only be overcome by clear proof.

ON MOTION to dismiss appeal.

Martin & Martin, for motion.

D. F. Reinhoel, contra.

## SULLIVAN, J.

The defendant moves the court to dismiss the appeal taken in this case, for the reason that a written notice of appeal "as required by Sec. 5227 Rev. Stat., as amended October 22, 1902, 96 O. L. 12, was not given by plaintiff. The section as amended provides that a party de-